UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT JOHNSON,

        Plaintiff,

v.

DTE ENERGY CORPORATE
SERVICES, LLC/DTE ELECTRIC
COMPANY,

        Defendant.

Case No. 20-cv-13415

Hon. Terrence G. Berg

Mag. Elizabeth A. Stafford

| | |
|---|---|
| THE SIGLER LAW FIRM, PLC<br>Danielle B. Safran (P61965)<br>30300 Northwestern Hwy., Suite 337<br>Farmington Hills, MI 48334<br>(248) 705-6400<br>safranlaw1@gmail.com<br>*Attorney for Plaintiff* | JACKSON LEWIS P.C.<br>Tiffany Buckley-Norwood (P69807)<br>Blaine A. Veldhuis (P78840)<br>2000 Town Center, Suite 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>(248) 936-1901 - Fax<br>Tiffany.Buckley@jacksonlewis.com<br>Blaine.Veldhuis@jacksonlewis.com<br>*Attorneys for Defendant* |

## **STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

WHEREAS, parties and non-parties to this action ("Litigation"), have been or may be requested in the course of discovery or other proceedings to produce or disclose testimony, documents, or other information ("Discovery Material") that they consider private, confidential, or proprietary; and

WHEREAS, Defendant DTE Energy Corporate Services, LLC ("Defendant"), by and through its counsel, and Plaintiff Dwight Johnson ("Plaintiff")

have agreed, by their undersigned attorneys, to set forth procedures for, and rules governing, the use of such Discovery Material;

1.    **IT IS ORDERED** that all Discovery Material designated as "Confidential" when it is produced, or designated as "Confidential" during any depositions taken during the Litigation, shall (unless the "Confidential" designation is voluntarily withdrawn or stricken by Order of this Court) be used solely for purposes of Litigation and for no other purpose. If, in the course of discovery or other proceedings in this Litigation, Defendant or Plaintiff, any party to the Litigation, or any third-party produces Discovery Material they deem confidential, or proprietary, the producing party may designate such Discovery Material as "Confidential." A party may designate information produced in discovery as "Confidential" material only if the disclosing party determines, in good faith, that such material is proprietary, covered by a recognized privilege, and/or is information in which any party or any third-party has a unique privacy interest (such as financial information, social security information, health information (except for Plaintiff's health information which is at issue in this litigation), personnel records, confidential or proprietary business documents, etc.) Discovery Material designated as Confidential, and all copies, summaries, or extracts thereof, shall be referred to herein as "Confidential Material," and shall be subject to all the terms of this Stipulation and Protective Order ("Order").

2.     Documents may be designated "Confidential" by stamping each page of the document with the corresponding legend.  Deposition testimony may be designated "Confidential" by so indicating orally on the record during the deposition, or by subsequent designation in writing by the deponent or his/her attorney, or an attorney for any party.  The designated pages of the transcript of any such deposition shall be marked by the court reporter with the appropriate legend.

3.     Any person in possession of Discovery Material shall maintain it in a reasonable and appropriate manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

4.     Confidential Material shall not be disclosed, except as provided in paragraphs 5 and 6 below, except upon prior written consent of the designating party.

5.     Confidential Material may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

     (a)    the Court (including any appellate court) and Court personnel;

     (b)    court reporters in connection with the taking of a deposition or the transcription of court proceedings;

     (c)    attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) and such attorneys' employees;

     (d)    parties to the Litigation and their officers, directors, trustees, and employees;

     (e)    the creator and addressees of such Confidential Material and persons who received a copy thereof prior to its production in the Litigation;

     (f)    anticipated and actual fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witness; and

     (g)    experts, advisors, consultants, and other persons engaged to assist directly in the Litigation;

     (h)    mediators, facilitators, arbitrators or other third-party neutrals that are engaged by the parties to the Litigation to participate in a resolution of the Litigation.

6.    Any party to this litigation and any third-party shall have the right to designate as "Attorney Possession Only" any information, document, or thing, or portion of any document or thing that contains highly sensitive business and/or personal information, the disclosure of which is highly likely to cause significant harm to an individual, business and/or competitive position of the designating party. A party may designate information produced in discovery as "Attorney Possession Only" only if the disclosing party determines, in good faith, that such material constitutes a trade secret or highly confidential research, development, or commercial information, the disclosure of which to the other party or public would cause the producing party competitive harm.

7.    When the designating party premises an "Attorney Possession Only" level of protection solely on the existence of confidential information, the designating party must be prepared to make a particularized showing that the information sought to be protected is entitled to that protection and, upon challenge, demonstrate with specific facts, not mere conclusory allegations of confidentiality

and/or business harm, that disclosure of such materials without such protection will result in a clearly defined and very serious injury to its business.

8.      Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys Possession Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "Attorney Possession Only."

9.      Material designated "Attorney Possession Only," may be disclosed only to attorneys of the parties who are directly involved in the litigation and the parties themselves. Material designated as "Attorneys' Possession Only," or any copies or reproductions thereof, shall not, however, at any time leave the possession of the attorney to whom the material was disclosed.  Nor may any compilation of the information ascertained from the material be retained or held within the possession of anyone aside from the attorney to whom the material was disclosed.

10.     With respect to persons specified in paragraph 5(f) and (g) above, such counsel shall obtain that person's written agreement to be bound by the terms of this Order.  With respect to persons specified in paragraph 5(f) and (g) above, any testimony concerning Confidential Material shall itself be deemed Confidential Material.  The requirement of obtaining written agreement may be satisfied by obtaining the signature of such person at the foot of a copy of this Order to such

person.  A person's written agreement to be bound by the terms of this Order is also an agreement to submit to the jurisdiction of the Court solely for purposes of enforcing this Order.  Counsel of record for each of the parties to the Litigation shall maintain a file of executed agreements, and such file shall be made available for inspection by counsel for any person claiming confidentiality upon order of the Court following a showing of good cause.

11.    In the event that counsel for any signatory to this Order at any time believes that Confidential or Attorney Possession Only material should cease to be so designated, such counsel shall so notify counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith within ten business days of such notification in an effort to resolve the matter by agreement. If the dispute is not resolved, the party claiming the "Confidential" and/or "Attorney Possession Only" status of the Discovery Material, shall have the burden to bring the dispute before the Court on an expedited basis for determination. In the event that such a motion is made, any disputed Confidential Discovery Material shall remain subject to and protected by this Order until such motion is resolved by the Court.  In the event that a motion challenging the designation is filed, it shall at all times be the burden of the party seeking the confidential designation to demonstrate, under existing standards of law, that the Discovery Material at issue warrants the designation.

12.     Compliance with the terms of the Order shall not be deemed an admission that any Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material for any reason whatsoever.

13.     This Order shall have no effect upon a designating party's use of its own Confidential Material.

14.     The inadvertent failure to designate Discovery Material as Confidential or Attorneys' Possession Only shall be corrected by supplemental written notice to the receiving party as soon as practicable, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to persons other than those listed in paragraph 5 hereof and to prevent further use or disclosure of Confidential information contained therein by such persons.

15.     The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Any

Discovery Material so produced and subsequently made subject to a claim of privilege or work-product shall immediately be returned to the producing person, and all copies or summaries thereof immediately destroyed, and such Discovery Material shall not be introduced into evidence unless upon order of the Court. This Discovery Material shall not be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding.   The production of any Discovery Material in this action, which, absent such production, would have been in whole or in part privileged under the attorney-client privilege or the work-product doctrine, will not waive the attorney-client privilege or the work-product doctrine as to any material not produced, regardless of its subject matter.

16.   If any person in possession of Confidential or Attorneys' Possession Only Material is served with any legal process or other request seeking production of such material, such person shall give the designating party (a) prompt written notice of the receipt of such request; (b) a copy of any proposed response to such request at least two business days prior to furnishing such response; and (c) written notice of any hearing or other proceeding relating to such request at least five business days prior to such hearing or other proceeding (unless such person receives less than five business days' notice, in which event notice shall be given within two business days of receiving the notice).   Nothing herein shall be construed as requiring the person served with any legal process or other request seeking

production of any Discovery Material to refuse to comply with its legal obligations regarding such process or request.

17.    Nothing in this Order shall be deemed in any way to restrict the use of Discovery Material that is publicly available or has been or could be legally obtained independent of formal discovery in the Litigation, whether or not the same material has also been obtained through formal discovery in the Litigation.

18.    Materials designated as "Confidential" or "Attorney Possession Only" may be used at trial to the extent they are admissible. Any concerns regarding the use of such materials at trial shall be raised by the party seeking protection prior to trial.

19.    **Filing Materials Subject to a Confidentiality Designation.** In the event a party seeks to file with the Court any material designated as Confidential or Attorneys' Possession Only, the filing party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) submitting the document solely for in camera review, where appropriate (e.g., in relation to discovery and evidentiary motions); or (c) when the preceding measures are deemed as inadequate by the filing party, the filing party shall provide the designating party or parties, and/or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at

least (10) ten days before doing so. After being provided such notice, the designating or potentially harmed party(s) will then have (7) seven days to file with the Court a Motion to Seal for Court determination.

20.    Any motion to seal a document subject to this Order must meet the Sixth Circuit Court's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299* (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

21.    In the event that any documents designated as Confidential or Attorneys' Possession Only contain sensitive information relative to DTE Energy Corporate Services, LLC's current and former employees (except for Plaintiff) or applicants are filed in the public record, the parties agree that the home addresses, phone numbers, driver's license numbers, social security numbers, medical/health information, and other sensitive information of such persons shall be redacted in order to protect the privacy of such individuals.

22.    To the extent that there is any conflict between the terms of this Order and rules of the Court, the rules of the Court will govern.

23.    Upon request of the designating party, and following the termination of this action and any related proceedings and appeals, any person in possession of Confidential or Attorneys' Possession Only Material shall either (1) return such material to counsel for the designating party; or (2) certify to counsel for the designating party that all such material and copies, summaries, and extracts thereof have been destroyed, provided, however, that the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to such material, with such papers remaining subject to the terms and conditions of this Order.

24.    In the event that any person shall violate or threaten to violate any of the terms of the Order, the aggrieved party may seek an appropriate remedy from the Court.

25.    The terms of this Order shall be effective, and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the parties' counsel.

26.    The terms of this Order shall not terminate at the conclusion of the Litigation.

27.    Prior to the time this Order is entered by the Court, Confidential

Material shall be subject to the terms of this Order to the same extent as though the

Order has been entered by the Court.

**IT IS SO ORDERED.**

/s/Terrence G. Berg
**TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE**

**Dated: August 25, 2021**

**WE HEREBY STIPULATE TO ENTRY OF THE ABOVE ORDER:**

/s/ Danielle Safran (with consent)
Danielle B. Safran (P61965)
THE SIGLER LAW FIRM, PLC
Attorney for Plaintiff
30300 Northwestern Hwy., Suite 337
Farmington Hills, MI 48334
(248) 705-6400
safranlaw1@gmail.com

/s/ Blaine A. Veldhuis
Tiffany Buckley-Norwood (P69807)
Blaine A. Veldhuis (P78840)
JACKSON LEWIS P.C.
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
(248) 936-1901 - Fax
Tiffany.Buckley@jacksonlewis.com
Blaine.Veldhuis@jacksonlewis.com

Dated:  August 25, 2021

4819-7187-9922, v. 3