UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DWIGHT JOHNSON,** | **2:20-CV-13415-TGB-EAS** |
| Plaintiff, | |
| vs. | **ORDER REQUIRING DISCOVERY AND DENYING MOTION TO COMPEL (ECF NO. 17)** |
| **DTE ENERGY CORPORATE SERVICES, LLC. / DTE ELECTRIC COMPANY,** | |
| Defendant. | |

Plaintiff, Dwight Johnson, by way of his attorney, moves to compel Defendant, DTE Energy, for failure to make required disclosures pursuant to Rule 26(a).

## I.    Background

On October 21, 2021, Plaintiff moved to compel Defendant to disclose documents requested during the discovery process. ECF No. 17. On November 5, 2021, this Court conducted a telephonic conference with the parties to discuss Plaintiff's motion to compel and Defendant's oral response. Plaintiff contends Defendant has failed to comply with its discovery requests by (1) failing to answer interrogatories and (2) failing to produce documents. After allowing counsel to present their respective posi-

1

tions concerning these issues, the Court specified the necessary conditions for resolving the parties' discovery disputes. Accordingly, Plaintiff's motion to compel will be denied as moot.

## II.    Standard of Review

Pursuant to Rule 37, a party may move for an order compelling disclosure or discovery. Prior to filing the motion, the moving party must show a good faith effort was made "to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* "On motion to compel discovery . . . the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." Rule 26(b)(2)(B). The Court may also specify conditions for the discovery. *Id.*

## III.    Analysis

Here, after considering the parties' arguments, the Court concludes that Defendant has not shown that the discovery sought is not reasonably accessible because of undue burden or cost. Consequently, the Court orders the following conditions be met by the parties to resolve their discovery dispute:

(1)    Regarding all Plaintiff's requests for document production:

- Defendant must respond specifically to each request and as to whether it has produced the requested documents, or must definitively declare that no other documents exist in its possession that are responsive to the requests,

and will recognize its continuing obligation to comply with its discovery obligations should any responsive material be found.

(2)   Regarding Plaintiff's request for production of preventative maintenance records:

- By **November 12, 2021**, Defendant must produce the specified records for all 27 requested pieces of equipment. If any of this information is unavailable, Defendant must state so definitively and must identify the equipment records that are not available.

(3)   Regarding Plaintiff's request that Defendant's production identify the interrogatories or requests for production to which each document or set of documents is responsive:

- By **November 19, 2021**, either:
  o Defendant will indicate in writing to Plaintiff which documents respond to each discovery request by bates number; or, in the alternative
  o Defendant and Plaintiff will meet in person to discuss and review each document Defendant has produced and Defendant will identify the discovery request(s) to which each document responds.

3

(4)     Regarding Defendant's request for Plaintiff's production of newly discovered audio recordings and any related documents:

- By **November 19, 2021**, Plaintiff will provide a supplemental discovery response that will include all such materials.

(5)     Regarding any other present discovery conflicts:

- By **November 19, 2021**, all disputes should be addressed and resolved.

(6)     Regarding the parties' joint request for discovery extension:

- After Plaintiff's and Defendant's counsel meet and confer and resolve the above discovery matters, the parties will submit a joint stipulation requesting to extend the discovery and motions deadlines by **November 22, 2021**. The Court will decide whether to extend the discovery schedule after reviewing the proposed stipulated order.

4

## IV.   Conclusion

In view of the foregoing, the motion to compel is denied as moot.


**IT IS SO ORDERED.**


Dated:  November 9, 2021

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE